UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA                )
                                        )
                                        )
                                        )
    -v-                                 )
                                        ) CRIMINAL CASE NO.:1:18-CR-344 (TJM)
                                        )
MATTHEW OSUBA,                          )
                                        )
            Defendant.                  )
_____)


****************************************************************

**DEFENDANT'S SENTENCING MEMORANDUM**

****************************************************************


By:


Vincent U. Uba, Esq.,
Bar Roll No. 516259
Attorney For Matthew Osuba
UBA LAW FIRM, P.C.
744 Broadway, Albany, New York 12207
E Mail: vubalaw@gmail.com
Tel: 518-533-4943

PRELIMINARY STATEMENT

On August 9, 2019, Mr. Osuba was found guilty after a jury trial of Counts 1, 2, and 3 of a four-count Superseding Indictment. Count 4 was dismissed with prejudice prior to commencement of trial on July 26, 2019 upon motion of the Government.  Specifically, Mr Osuba was found guilty of: Count 1, Sexual Exploitation of a Child, in violation of 18 U.S.C. §§ 2251(a) and (e); Count 2, Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and 2256(8)(A); and Count 3, Possession of Child Pornography Depicting Prepubescent Minors or Minors Under Age 12, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and 2256(8)(A).

A Pre-Sentence Report ("PSR") has been prepared in anticipation of Mr. Osuba's sentencing. The sentencing is presently scheduled for September 16, 2020.  According to the PSR, the statutory minimum term of imprisonment for Count 1 is 15 years and the maximum term is 30 years. The statutory minimum term of imprisonment for Count 2 is five years and the maximum term is 20 years. Count 3 has no minimum term and has a maximum term of imprisonment of 20 years (PSR, ¶143). Also, according to the PSR, Mr. Osuba's total advisory offense level is 43, his criminal history category is I, and the guideline imprisonment range is life.  However, the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range; therefore, the guideline range is 840 months (PSR, ¶144).  Mr. Osuba respectfully requests that the sentence be "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment, as required by _18 U.S.C. § 3553(a)_ and in light of _United States v. Booker, 543 U.S. 220 (2005)_.  As such, Mr. Osuba respectfully submits that a sentence of 15 years' imprisonment in addition to a term of supervision, is sufficient, but not greater than necessary, to achieve the statutory purposes of punishment in this case.

Incorporated by reference and made a part hereof as "**Exhibit 1**" is an affidavit sworn to by Mr. Osuba dated September 2, 2020.  Further incorporated by reference and made a part hereof as "**Exhibit 2**" is findings of a CPS report relevant to the allegations made against Mr. Osuba in the PSI. In the

1

interest of protecting the identity of minors, Mr. Osuba respectfully request that the documents be filed under seal.

## OBJECTIONS TO THE PSR

In addition to the objections set forth in Mr. Osuba affidavit, Mr. Osuba further objects to the government's account of the chat messages on the basis that; given the conduct of the government in editing the video evidence underlying Count 1 and misleading the Court and the defense about this fact, the integrity of the government's account of any matter in this case is significantly in question. The defense further objects to admission of any statement made in connection with a polygraph examination on the basis that they are inadmissible evidence. As previously indicated, annexed as Exhibit 2 and filed under seal, is a complete copy of the investigative report from the Child Protective Services concluding that there is no credible evidence to substantiate the allegation of sexual abuse against Mr. Osuba against any child. Accordingly, Mr. Osuba respectfully request that the court not consider any allegations of sexual abuse of a minor against him in Sentencing.

## THE DELL LAPTOP AND THE SAMSUNG PHONE

Contrary to the government's assertion in PSR ¶59, Mr. Osuba is not the original owner of the Dell Laptop underlying Count 4 of the indictment - which was dismissed with prejudice upon the government's motion. The laptop originally belonged to someone else. In fact, the original owner's name is still listed as the registered owner of this Laptop. Additionally, many other people, including co-workers at Mr. Osuba's job at Scrubmaster had the password and access to this Laptop (Osuba's Aff). Furthermore, the government noted in PSR ¶59 that "[a]s the child pornography on the Dell laptop was located in carved or deleted space, the government moved to dismiss Count 4 prior to commencement of trial.  An article on a popular computer expert witness website https://www.hgexperts.com/expert-witness-articles/understanding-deleted-files-and-what-they-mean-44950, is instructive on this point as follows:

2

> "When we recover a deleted file, even completely, we may not have the metadata that shows which directory or folder the file was stored in. If we use carving to recover a file from unallocated (free) space, we will not be able to show the time stamps for the file, who owned it, or what folder it was stored in. This is particularly important in cases that involve contraband (e.g. pornography in a work setting, or child pornography in any setting). We should not assume that files carved from free space belong to the current user of the computer unless we have other evidence to support that. Even on a computer that has only had a single owner, it's possible that files carved from free space were put there by someone else. For instance, they could have been downloaded by an employee at the store that sold the computer. Last year, I ordered a box of thumb drives. When I plugged in one of the drives, I discovered that it contained professionally-taken photos from a dance studio."

As such, the child pornography alleged to have been recovered from the Dell Laptop underlying Count 4 should not be considered in determining Mr. Osuba's sentence. Mr. Osuba further objects on the basis that Count 4 was been dismissed with prejudice based upon the government's motion. Also, the depictions described by the PSR as that of a "minor" are in fact not depictions of minors but of consenting adults engaged in sexual acts. See for example PSR ¶62, which in fact depicts the same person described as an adult female in PSR ¶61 (see Osuba's Aff). As to the child pornography allegedly found on the Samsung device underlying Counts 1, 2, and 3, Mr. Osuba objects to its consideration in Sentencing on the basis that it has been shown that the government's representation to this court and to the defense is unreliable because of the government's conduct in altering the video evidence underlying Count 1 and then misrepresenting that fact during their sworn testimony.

VICTIM IMPACT

Mr. Osuba objects to restitution in this case as no losses have been shown to have directly resulted in the crimes of conviction.

OFFENSE LEVEL CALCULATION

Mr. Osuba objects to PSR ¶81 in that Counts 1, 2, and 3 should be grouped together because the Counts involve substantially the same harm within the meaning of U.S.S.G. §3D1.2(c) & (d), as one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts, and the offense behavior is ongoing or continuous

3

in nature and the offense guideline is written to cover such behavior.

Mr. Osuba objects to the application of the sexual contact enhancement at PSR ¶83 because his sexual contact did not involve the active participation of a minor. This fact distinguishes Mr. Osuba's case with the court's decision in <u>U.S. v. Aldrich, 566 F.3d 976 (11th Cir. 2009)</u>.

The defense objects to PSR ¶85 because Mr. Osuba was not a parent, relative, or a legal guardian of V-1, nor was V-1 otherwise ever in the custody, care, or supervisory control of Mr. Osuba. The defense objects further objects to PSR ¶85, because, it is respectfully submitted that the definition of a vulnerable victim under U.S.S.G. §3A1.1(b)(1) does not include a sleeping person.

As to PSR, p. 61 (Count Group 1), the defense, without waiving Mr. Osuba's prior objection that Counts 1, 2, & 3 should be grouped together, objects as follows:

Objects to PSR ¶90 in that, pursuant to U.S.S.G. §2G2.2(b)(1), the base offense level should be 18 because Mr. Osuba was convicted of 18 U.S.C. § 2252A(a)(5).

Objects to PSR ¶91 because the age of the child is already part of the statutory definition of the offense charged.

Objects to PSR ¶92 because it is respectfully submitted, based upon your undersigned's recollection, that the factual allegations in support of this purported enhancement is not part of the record in this case.

Objects to PSR ¶93 because it is respectfully submitted, based upon your undersigned's recollection, that the factual allegations in support of this purported enhancement is not part of the record in this case.

Also, for the reasons previously stated, the Dell Laptop should not be considered. Objects to PSR ¶95 because the offense involved fewer than 150 images as those were the images actually shown to the court and to the defense.

The defense objects to PSR ¶104 and 115 alleging that Mr. Osuba is a repeat offender, because

as amply stated in preceding paragraphs, and in Mr. Osuba's affidavit and exhibits, Mr. Osuba did not engage in the sexual abuse of the four year old minor as alleged in that paragraph, and also, as trial evidence established, the allegations he was convicted of under Count 1 occurred only once.

The defense objects to PSR ¶115 because U.S.S.G. §4B1.5(b)(2) should not apply in this case. Details of the interview of the minor RL, which is believed to be consistent with Mr. Osuba's innocence is once again missing (PSR ¶120, p. 68). The report of the Police Investigation in PSR ¶120 further supports Mr. Osuba position that he has not sexually (hands on) abused a minor. See for example: "Detectives became confident Osuba was not responsible for the child's injuries after talking with him for a couple of hours..." "both A..[redacted]. and her mother told Osuba they knew he was not responsible".... and "Osuba's statement was sent to RL's medical team at Westchester County Medical and one of the physicians said RL's injuries to his genitals were consistent with Osuba's account and, though unusual, the injuries were consistent due to the time frame of the abuse and then the bruising.." (PSR ¶120, p. 68). Mr. Osuba even assisted the Detectives in the investigation so as to apprehend the person actually responsible for the injuries to RL. In this regard, the PSR stated, "[h]owever, there was not enough evidence to charge anyone with a crime for the injuries to RL. As such, the case was closed pending further developments" ( PSR ¶120, p. 68). Mr. Osuba objects to any and all factual allegations set forth in the PSR not specifically admitted to herein.

TAKING REPSONISBILITY

Mr. Osuba has accepted responsibility for his action by truthfully admitting the conduct comprising the offenses of conviction from the outset (PSR ¶¶36 – 37). Mr. Osuba never denied his conducts. Mr. Osuba's only contention has been that there are legal grounds that prevents his conviction on the crimes charged. In fact, prior to trial, Mr. Osuba was willing to plead guilty to Counts 2 and Count 3 of the indictment (T49 – 50). Mr. Osuba also voluntarily assisted the FBI in the recovery of the fruits and instrumentalities of the offense by voluntarily handing over his phone and his

passwords, and voluntarily surrendering himself to the FBI after the commission of the offense. Mr. Osuba has also received post-offense rehabilitative counseling and treatment. In that regard, annexed, and made a part hereof as **Exhibit 3,** are documents received from Rensselaer County Jail lauding Mr. Osuba's changes and positive contributions to the prison population. Based upon the foregoing, Mr. Osuba respectfully requests a downward adjustment pursuant to U.S.S.G. §3E1.1.

OBJECTIONS TO RECOMMENDED SPECIAL CONDITIONS OF SUPERVISION

Mr. Osuba objects to PSR p. 81 ¶2 of the recommended special conditions of supervision prohibiting him from having written communication, electronic communication, in-person communication, or physical contact with his children. *United States v. McGeoch, 546 F. App'x 44, 48 (2d Cir. 2013).* The defense further objects to PSR p. 81 ¶7 of the recommended special conditions of supervision because it violates Mr. Osuba's Fifth Amendment rights against self incrimination. The defense also objects to PSR p. 81 ¶¶4 and 10 of the recommended special conditions of supervision as overly broad, vague, and a violation of Mr. Osuba's First Amendment and other Constitutional Rights.

THE ADVISORY NATURE OF THE SENTENCING GUIDELINES

In *United States v. Booker, 543 U.S. 220 (2005)*, the Supreme Court held that a mandatory application of the the United States Sentencing Guidelines is unconstitutional because it deprived a defendant of his or her Sixth Amendment right to a jury trial on the factual determinations made by the court at sentencing that could have the effect of enhancing the defendant's sentence. As such, the Sentencing Guidelines was held to be advisory. See also: *Kimbrough v. United States, 552 U.S. 85 (2007)* (holding that under Booker, the Guidelines for crack cocaine offenses, like all other Sentencing Guidelines, are advisory only). Although formerly mandatory, the Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence." *Kimbrough, 128 S. Ct. at 564*.

Although district courts are required to "give respectful consideration to the Guidelines," "the

Guidelines are not the only consideration." *Kimbrough, 128 S.Ct. at 570; Gall, 128 S.Ct. at 596*. Instead, district courts must "tailor the sentence in light of other statutory concerns as well." Id. (quoting Booker, *543 U.S. at 245-246)*. *Kimbrough v. United States, 552 U.S. 85 (2007)* citing *United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621*, ("the cocaine Guidelines, like all other Guidelines, are advisory only, and the Fourth Circuit erred in holding the crack/powder disparity effectively mandatory. A district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing, § 3553(a). In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder offenses")

In addition to restoring importance to the factors enumerated under 18 U.S.C. § 3553(a), Booker and its progeny breathed new life into the primary sentencing mandate of § 3553(a), which requires the sentencing court to impose a minimally sufficient sentence to achieve the statutory purposes of punishment–justice, deterrence, incapacitation, and rehabilitation–by imposing a "sentence sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. § 3553(a)

"Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable.[..]. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." See *Gall v. United States, 552 U.S. 38, 49-50 (2007)* (Internal citation omitted).

7

## OFFENSE CONDUCT/PROPORTIONAL PUNISHMENT

The statutory maximum term of imprisonment is 30 years for a conviction involving the sexual exploitation of a minor and the statutory minimum term of imprisonment is 15 years. In this case, Mr. Osuba was convicted of sexual exploitation of a minor which essentially involved two 11 and 8 second video of him masturbating in a living room with a sleeping minor. When the Court considers the actual offense conducts for which Mr. Osuba was convicted, there are compelling reasons and mitigating factors in this case which support a sentence of no more than 15 years' imprisonment, which includes, but is not limited to: according to evidence on the record, this is the first Mr. Osuba is engaged in recording himself masturbating with a sleeping minor in the same room, distributing child pornography, and possessing child pornography, Mr. Osuba expressed remorse for his conducts when confronted by law enforcement. Even though immaterial for purposes of culpability, but may be considered for purposes of Sentencing, Mr. Osuba mistakenly believed that because V-1 is 17 years old, she was not considered a minor.

Mr Osuba is 35 years old with parents who love him and are getting older. If the Court were to impose a sentence of 15 years, he would remain in federal custody until he is approximately 48 years old. His aging parents long to be able to hug and hold their son outside of the prison bars before they die. In achieving a proportional sentence, Mr. Osuba asks this Court to consider sentences meted out for similar pornography production cases in this District. For example, in the case of <u>U.S. v. Pearson, 1:04-CR-340</u>, the defendant was facing a 71-count indictment, of which 66 counts involved the production of child pornography. <u>U.S. v. Pearson, 1:04-CR-340, at *2 (N.D.N.Y. July 29, 2009)</u> (" Defendant subjected these victims, ages seventeen and fifteen, respectively, to repeated and various forms of sexual contact, including sadistic or masochistic sexual conduct, that he video-taped and photographed. Defendant also shared the images with a friend over the Internet."). In that case, your Honor sentenced the defendant to the 15-year mandatory minimum term of imprisonment and ran that

8

term concurrently on all other counts. In the case of <u>United States v. Parisi, 01-cr-351</u>, the Hon. Lawrence E. Kahn, sentenced the defendant to a term of 150 months for production of child pornography. Similarly, in the case of <u>United States v. Morgan, 05-cr-539</u>, the defendant was charged in a 16-count indictment, of which 11 counts involved the production of child pornography. The victim in that case was 11 years old. The defendant was sentenced by the Hon. Gary L. Sharpe to 188 months' imprisonment on the production counts, to run concurrently to all other counts charged in the Indictment. As this collection demonstrates, sentences far below the thirty-year maximum have been found appropriate for conduct which if carefully examined was much worse than that involved in Mr. Osuba's case. While Mr. Osuba used extremely poor judgment by engaging in the conducts charged in the indictment, based upon all of the circumstances of this case, a tempering of justice with mercy is warranted and should be heavily considered in mitigation by the Court.

<u>CHARACTERISTICS/BACKGROUND OF MR. OSUBA</u>

As set forth in the PSR ¶140 Mr. Osuba was a volunteer firefighter with the Beacon Fire Department from approximately 2002 until 2004. Mr. Osuba also voluntarily assisted law enforcement in investigating sexual abuse against a minor in 2016 (PSR ¶140). Furthermore, as set forth in PSR ¶138, a letter from the Rensselaer County Jail Inmate Services Unit indicates that while Mr. Osuba was incarcerated there, he completed the following certificate programs: Treatment Readiness – Hudson Mohawk Treatment Center; MVP – Mentors in Violence Prevention with St. Peters Healthcare; Project Teamwork with St. Peters Healthcare; Parenting Program – Parenting Inside Out; and Bible Boot Camp, which he continued on as a co-facilitator with instructors by helping new students. By all accounts, Mr. Osuba is hardworking and helpful to people around him. The many positive contributions and sacrifices he has made in his life should not be overlooked.

## CONCLUSION

Based upon all of the foregoing, it is respectfully submitted that a fifteen year sentence in federal court is more than sufficient punishment to satisfy the statutory purposes of punishment in this case.

Respectfully submitted,

Dated: September 2, 2020
Albany, New York

UBA LAW FIRM, P.C.:

By: _____
Vincent U. Uba, Esq.,
 Bar Roll No. 516259
*Attorney for Matthew Osuba*
744 Broadway, Albany, NY 12207
Tel: 518-533-4943