# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.    1:18-CR-344 (DNH) |
| ) | |
| **v.** ) | Declaration of Vincent Uba, Esq. |
| ) | |
| **MATTHEW OSUBA,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

I, Vincent Uba, do hereby declare as follows:

1. I am an attorney admitted to practice in the State of New York and the Northern District of New York. I have been admitted since January 2010. I make this declaration pursuant to the Court's Order dated January 28, 2025, in *United States v. Matthew Osuba*, Case No. 1:18-CR-344 (DNH). In making this declaration, I have discussed the matter with Assistant U.S. Attorney Katherine Kopita, as well as reviewed the following documents: (a) Certain portions of the ECF docket for *United States v. Osuba*; (b) Certain portions of Matthew Osuba's motion papers pursuant to 28 U.S.C. § 2255 (Dkt. # 194); and (c) Certain portions of my file for Matthew Osuba's case.

2. Matthew Osuba was arrested on September 18, 2018 and charged by complaint with distributing child pornography, in violation of 18 U.S.C. 2252A(a)(2)(A).

3. On or about September 20, 2018, Edwin Osuba met with me at my office, discussed the charges against his son Matthew Osuba with me, extensively reviewed the proposed retainer agreement and the Statement of Client's Rights and Responsibilities (As adopted by the Administrative Board of the Courts) with me, and initialed on each page and signed

the retainer agreement retaining me to represent Matthew Osuba,. A copy of is herewith annexed as "**Exhibit 1**."

4. Based upon my recollection of the events from over six year ago, I visited Matthew Osuba on the same September 20, 2018 at the Rensselaer County Jail discussed the charges and the re, explained the A copy of the retainer agreement, signed and initialed on every page by both Matthew Matthew Osuba and his father Edwin Osuba.

5. Matthew Osuba also gave me consent "to discuss my case with my parents Edwin and Yolanda Osuba (Exhibit 1, p. 3).

6. I never promised any particular result, nor misrepresented my legal experience, nor gave any false impression to either Edwin Osuba nor Matthew Osuba about my legal experience at any time.

7. In fact, from the outset, our retainer agreement explained to both Edwin and Matthew Osuba at ¶3 that, "I am unable to give you any guarantees as to the outcome of your case."

8. I filed a Notice of Appearance with the court on September 24, 2018, and in the notice of appearance certified that "I have either completed six credit hours in federal criminal defense continuing education within the past two years or, if not, that I will do so within 30 days from filing this notice of appearance. Federal criminal defense educational opportunities are available by contacting the Northern District of New York Federal Public Defender's Office" (Doc. No. 4).

9. After filing the notice of appearance and the above certification above, within 30 days from the filing of the notice of appearance I contacted the Northern District of New York Federal Public Defender's Office, who provided the required federal criminal defense continuing education in video format which I fully completed.

10. A copy of one of my correspondences with the Northern District of New York Federal Public Defender's Office and a screenshot of the file of the federal criminal defense continuing education in video format with 06/13/2018 date provided to me by the Northern District of New York Federal Public Defender's Office and is still contained in the electronic file maintained in my office for Matthew Osuba is annexed as "**Exhibit 2**."

11. On October 17, 2018, a three-count indictment was filed against Matthew Osuba, namely: Count 1, sexual exploitation of a minor, in violation of 18 U.S.C. § 2251; in Count 2, distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); and in Count 3, possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). I reviewed the indictment and the penalties for each count.

12. From the beginning of the retention and on numerous occasions throughout the course of the legal representation, I spoke with Edwin Osuba and also met with Matthew Osuba and reviewed the indictment with them informing them that: Count 1 carried a mandatory minimum term of 15 years in prison and a maximum of 30 years; Count 2 carried a mandatory minimum of 5 years in prison and a maximum of 20 years; and Count 3 carried a maximum of 20 years in prison. He signed a waiver of appearance/arraignment and then I signed it. I filed the waiver with the Court and entered his pleas of not guilty to all charges (Dkt. # 12).

13. I explained the nature of the charges to Matthew Osuba based on discovery I received from the government, which included audio and video recorded statements Matthew Osuba made to law enforcement (collectively "Statement"). I also reviewed the child pornography involved. In relation to Count 1, the charge was based on two videos found on Matthew Osuba's cellphone. In the first video, he is seated in a chair and masturbating

while a female is laying on a couch across the room. She is facing the back of the couch and appears to be asleep. In the second video, he walks from the chair to the couch, stands over the female, and ejaculates. In his Statement, Matthew Osuba admitted to creating the videos, that he is the person in the videos, identified the female as Victim 1 who was then 17 years old; and admitted that he created the videos because he "got off" on Victim 1's image and thought it would be exciting.

14. After meeting with Matthew Osuba and fully reviewing the discovery, I filed a motion to dismiss the indictment on May 8, 2019. Dkt. #19. Specifically for Count 1, I argued, in part, that the videos described in paragraph 5 did not constitute the use of Victim 1 to engage in sexually explicit conduct for the purposes of creating a visual depiction of such conduct. *Id.*

15. On May 28, 2019, the Court issued an order excluding time under the Speedy Trial Act that set a trial date for August 5, 2019.

16. On June 7, 2019, the government filed its opposition to my motion to dismiss. On July 19, 2019, the Court denied my motion to dismiss the indictment. Dkt. # 33.

17. On July 29, 2019, I asked AUSA Kopita via email if she could extend a plea agreement to resolve the case. AUSA Kopita replied that she would seek approval for a plea agreement to Count 1 if Matthew Osuba was willing to accept that. At that time, I had already talked to Matthew Osuba about pleading guilty to Count 1. Throughout the time I represented him, even after the District Court denied the motion to dismiss the indictment, Matthew Osuba refused to accept that his conduct was sufficient for a conviction on Count 1. Matthew Osuba repeatedly told me that he would not plead guilty to Count 1. Accordingly,

   I told AUSA Kopita that Matthew Osuba was only willing to plead to Counts 2 and 3. AUSA Kopita responded that the government would not agree to a plea to Counts 2 and 3.

18. At no time did I ever inform Matthew Osuba nor his parents that the government offered him a 15-year sentence because the government never made any such offer.

19. The retainership agreement and the statement of client's rights and responsibilities signed and initialed by both Matthew and Edwin Osuba provided in pertinent part that "matters legally and traditionally reserved for the client shall be decided by you" (Exh 1, p. 2, ¶7), and "You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter" (Exh 1, p. 4, ¶7).

20. From the outset, I made it clear to Matthew Osuba that the decision whether to accept or reject a plea was entirely his to make. At no time did I ever inform Matthew Osuba nor his parents that he would be acquitted, nor did I ever advise Matthew Osuba nor his parents to turn down any plea offer from the government.

21. Shortly thereafter, AUSA Kopita and I spoke and she asked whether Matthew Osuba would be willing to plead with a conditional plea agreement whereby he would reserve his right to appeal the sufficiency of the evidence for Count 1. AUSA Kopita explained she would have to seek approval for such an agreement if Matthew Osuba were interested. AUSA Kopita did not tell me that Matthew Osuba would only be permitted to plead to Count 1. I relayed this to Matthew Osuba, who again indicated that he would not plead guilty to Count 1.

22. On July 31, 2019, I filed a motion to suppress the Statement. The Court held a hearing on August 2, 2019, and denied the motion prior to trial.

23. On August 4, 2019, I filed a second motion to dismiss Count 1 of the indictment. The Court denied that motion prior to trial.

24. Prior to trial, I informed Matthew Osuba of the maximum potential penalties—a total of 70 years—again. We spoke at length and multiple times about the potential penalties. Matthew Osuba persisted in his belief that the evidence was insufficient to sustain a conviction on Count 1. Matthew Osuba told me that he would not admit to Count 1, that he did not believe his conduct constituted a violation of the law, and that he would not even accept the associated 15 year mandatory minimum sentence.

25. I told Matthew Osuba that, in my experience, courts often run multiple sentences in the same transaction concurrently. I reviewed other cases involving similar charges and advised Matthew Osuba that if the judge made the sentences run concurrently, then he could be sentenced to 30 years in prison, and that sentencing decisions were entirely at the discretion of the trial judge who could, if he chooses, sentence him up to the maximum sentence prescribed by law, and that I cannot give him any guarantees.

26. The case proceeded to trial on August 6, 2019. The jury convicted Matthew Osuba of each count on August 9, 2019.

27. Sentencing was adjourned multiple times, in part due to the Covid-19 pandemic. After the Court denied the defendant's post-trial motions, Dkt. #141, the final presentence investigation report was filed. Dkt. # 145.

28. The PSR included details of interviews with various minors, including Victim 2. As noted in the PSR, Victim 2 was interviewed on September 24, 2018. At that time, she did not disclose any abuse by Matthew Osuba. On April 18, 2019, Victim 2's mother called the FBI and reported that Victim 2's brother disclosed that Matthew Osuba had a purple and

white vibrator that he used to massage his own legs.  Victim 2's mother stated Victim 2 had also described the vibrator, which she referred to as a "tickle snake."

29. On May 13, 2019, Victim 2 and her brother were interviewed again.  This time, Victim 2 initially stated no one had ever touched her vagina.  She then disclosed that she had seen the "tickle snake" at Matthew Osuba's house and that he had used it on her vagina "lots of times."

30. Due to the discrepancies between Victim 2's first interview and second interview, and her brother's statements, I considered whether to hire an expert to review the interviews.  I discussed this with Matthew Osuba and his parents.

31. Matthew Osuba's parents hired a psychologist who met with Matthew Osuba.  She prepared a report that I reviewed.  Some parts of the report were not favorable to Matthew Osuba's case, and I discussed this unfavorable part with Matthew Osuba and we agreed not to introduce the report.  I then asked the same expert if she or her office could review the videotaped interview of Victim 2 to determine whether she had been coached into making the disclosures.  I heard back from the psychologist's office, and they did not have anyone to do that work.  I tried to hire late Dr. Rebecca Arp whom I had utilized as an expert in a previous case involving validation of allegations of sexual abuse against a child but learned that she had died.  I tried to find another expert but had difficulties in large part because of the Covid-19 pandemic.

32. I reviewed the entire PSR in detail with Matthew Osuba.  I again addressed the sentencing options, including the guidelines calculations, the maximum penalties, and the mandatory minimum penalties.  Matthew Osuba and I discussed objections to the PSR and based upon information he provided to me, I prepared a ten page affidavit in which he deny and

objected to numerous allegations against him on the PSR. The affidavit was submitted under seal in connection with the sentencing.

33. Among others, contrary to Mr. Willstatter's declaration at ¶¶ 26 – 28; on the affidavit that I had prepared for Matthew Osuba in support of his sentencing memorandum, among others, I brought it to the court's attention before sentencing that while the PSR referred to certain "unplayable" recordings, the government failed to produce these exculpatory interviews recordings that are reportedly unplayable (see ¶¶ 10 – 12, 22, among others).

34. I also filed a sentencing memorandum objecting to various portions of the PSR and vigorously argued for a fifteen-year sentence in favor of Matthew Osuba (Doc No. 148).

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 6, 2025

_____

Vincent Uba, Esq.

<div style="text-align:center;">

LAW OFFICE OF

# VINCENT U. UBA

*750 BROADWAY, ALBANY NY 12207*
*TEL: 518-533-4943*
*FAX: 518-618-1330\**
*E MAIL : VUBALAW@GMAIL.COM*
*VINCENT.UBA@VUBALAW.COM*
*WEBSITE: WWW.VUBALAW.COM*

*\*SERVICE NOT ACCEPTED*

</div>

September 20, 2018

Edwin Osuba
Matthew Ryan Osuba
███████████
Napanoch, New York 12458
Email: ███████@aol.com

      RE:    *In the matter of Criminal Charges*
                  *against Matthew Ryan Osuba*

<div style="text-align:center;"><u>LETTER OF ENGAGEMENT</u></div>

I refer to our earlier discussions on the above referenced matter.

Pursuant to the Joint Rules of the Appellate Division, this letter will set forth the scope and terms of the retention as follows:

1. In connection with this representation, I will be representing the interest of Matthew Ryan Osuba with regards to currently pending criminal proceedings for alleged child pornography related matter. The representation includes advocating and defending the interest of Matthew Ryan Osuba throughout the currently pending proceedings.

2. The representation you have sought from this office is time consuming and an estimate as to how long the proceeding will take cannot be determined at this time.

3. Please note that because of the rules of the legal profession, I am unable to give you any guarantees as to the outcome of your case.

4. This representation does not include any other legal proceeding outside of the presently pending court proceeding. Also not included within the scope of this representation, are: appeals from any judgments or orders of the Court or any administrative body. Such other matters are subject to a separate discussion and negotiation between my office and yourself. This agreement also

*[signatures]*

does not cover any service you may request in connection with any other matter, action or proceeding. However, if my law office does represent you in appeals or in any other matter, a separate agreement must be entered into.

5. You have the right to be kept apprised of the status of your case. Should you have any question or concern at all, please communicate them to me.

6. It is your responsibility to provide me with every fact, evidence, and/or document needed to adequately represent you.

7. Final decisions on matters legally and traditionally left at the sole discretion of the attorney of record shall be made by me. Equally, matters legally and traditionally reserved for the client shall be decided by you.

8. You have the right to be provided with copies of the correspondence and documents in my possession relating to the case. Should you desire these copies, please let me know and I will provide you these copies at your expense, throughout the representation.

9. At the conclusion of the representation, should you desire a copy of those portions of the file that are considered the client's, please let me know and I will have a copy made for you at your expense. Otherwise, this office will retain the files for a period of seven(7) years running from the conclusion of the representation at which time the files shall be destroyed unless you notify me to the contrary in writing.

10. The Appellate Divisions of the State of New York has enacted a Statement of Client's Rights and Responsibilities, a copy of which is herewith attached.

11. As agreed, my hourly rate shall be $175.00 for every hour or portion thereof of work performed on your case. These billable hours include, but are not limited to: writing letters, emails, texts, and telephone correspondences, legal research, drafting and filing of documents in court and service of the papers upon the parties to the case, meetings, conferences, review of documents, travel time from my office to and from the courthouse and other relevant locations; and every other type of work performed on your case in the office, or out of the office.

12. You are required to put down an initial retainer deposit of $7,500.00, due upon the signing of this agreement. This deposit will be held in my IOLA Public Trust Account/Attorney Escrow Account. I will be deducting my attorney fees from the IOLA Public Trust Account/Attorney Escrow Account from time to time as I perform work on your case. An updated invoice containing work done, amount paid, and balance remaining shall be sent to you at least once every 60 days or sooner. If and when the balance of your retainer deposit falls below $2000.00, and your case is still ongoing, you will be required to put down additional retainer deposits in increments of $5,500.00 depending on the stage of the case.

13. If you fail to replenish your retainer account as set forth above, I will have the right to forthwith withdraw from representing you.

14. You shall also be responsible for other expenses and costs that may be due or payable in connection with your case during the course of representing you. These expenses and costs may include, but are not limited to: filing fees, cost of depositions, expert fees, photocopying,

transcripts of proceedings, postage (if more than regular first class mail is required), overnight delivery, travel expenses outside of Albany and Rensselaer Counties and other related expenses. Most of the above expenses may not apply to your case.

15. In the event a dispute arises between us relating to my fees, you may have the right to arbitrate the dispute under Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

16. You have the right to terminate my service at any time during the pendency of this matter. In the event of a termination, I shall be entitled to all attorney fees earned under this agreement.

17. I reserve the right to withdraw from representing you if you engage in any conduct that permits or compels me under the law to withdraw.

18. In the event fees are outstanding at the time of the withdrawal, I reserve the right to seek a charging lien from the court.

19. This agreement is a binding contract. As a result, if any of the information in this letter is not consistent with your understanding of our agreement, please let me know before signing.

Once again it is my great pleasure representing you in this matter.

Respectfully yours,

_____
Vincent U. Uba, Esq.
*Attorney & Counselor at Law*

I consent to my attorney to discuss my case with my parents Edwin and Yolanda Osuba

_____
I have read this letter and consent to the terms of this agreement.

_____
Edwin Osuba

_____
Matthew Ryan Osuba

# STATEMENT OF CLIENT'S RIGHTS
### (As adopted by the Administrative Board of the Courts)

1. You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and personnel in your lawyer's office.

2. You are entitled to an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney/client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge).

3. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4. You are entitled to be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5. You are entitled to have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly.

6. You are entitled to be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter.

7. You are entitled to have your legitimate objectives respected by your attorney, including whether or not to settle your matter (court approval of a settlement is required in some matters).

8. You have the right to privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law.

9. You are entitled to have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility.

10. You may not be refused representation on the basis of race, creed, color, age, religion, sex, sexual orientation, national origin or disability.

_____  _____
Client signature                  Attorney signature

# STATEMENT OF CLIENT'S RESPONSIBILITIES
### (As adopted by the Administrative Board of the Courts)

Reciprocal trust, courtesy and respect are the hallmarks of the attorney-client relationship. Within that relationship, the client looks to the attorney for expertise, education, sound judgment, protection, advocacy and representation. These expectations can be achieved only if the client fulfills the following responsibilities:

1. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.

2. The client's relationship with the lawyer must be one of complete candor and the lawyer must be apprised of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.

3. The client must honor the fee arrangement as agreed to with the lawyer, in accordance with law.

4. All bills for services rendered which are tendered to the client pursuant to the agreed upon fee arrangement should be paid promptly.

5. The client may withdraw from the attorney-client relationship, subject to financial commitments under the agreed to fee arrangement, and, in certain circumstances, subject to court approval.

6. Although the client should expect that his or her correspondence, telephone calls and other communications will be answered within a reasonable time fiarne, the client should recognize that the lawyer has other clients equally demanding of the lawyer's time and attention.

7. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number or address and respond promptly to a request by the lawyer for information and cooperation.

8. The client must realize that the lawyer need respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions which are unprofessional or contrary to law or the Lawyer's Code of Professional responsibility.

9. The lawyer may be unable to accept a case if the lawyer has previous professional commitments which will result in inadequate time being available for the proper representation of a new client.

10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or that a suitable working relationship with the client is not likely.

_____  
Client signature

_____  
Attorney signature

Case 1:18-cr-00344-DNH   Document 203-1   Filed 02/07/25   Page 15 of 16





**Vince Uba <vubalaw@gmail.com>**

## OSUBA, M
1 message

**Paul Evangelista** <Paul_Evangelista@fd.org>　　　　　　　　　　　　　　　　Fri, Sep 28, 2018 at 3:09 PM
To: "vubalaw@gmail.com" <vubalaw@gmail.com>

Attorney Uba,

It was a pleasure speaking with you today.  If I can be of assistance please do not hesitate to call.

Paul


Paul Evangelista
First Assistant Federal Defender
Northern District of New York
(518) 436-1850 x112

This e-mail contains PRIVILEGED and CONFIDENTIAL information intended only for the addressee(s) named above.  If you are not the intended recipient of this e-mail, or an authorized employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this e-mail is strictly prohibited.  If you have received this e-mail in error, please notify us by reply e-mail and delete this e-mail.